IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER JIGGETS | : | |
| Plaintiff | : | |
| v | : | Civil Action No. JFM-05-3316 |
| WARDEN and SERGEANT MAGNESS | : | |
| Defendants | : | |

o0o
**<u>MEMORANDUM</u>**

Pending in the above-captioned civil rights case is defendants' motion to dismiss or for summary judgment. Paper No. 10. Upon review of the papers filed, this court finds it unnecessary to hold a hearing in this matter. Local Rule 105.6 (D. Md. 2004). The unopposed motion,[1] construed as a motion to dismiss, shall be granted for the reasons that follow.

Background

Plaintiff alleged that on October 25, 2005, while incarcerated at the Baltimore County Detention Center, he was maced by Sergeant Magness and that the warden took no action in response to the assault. Paper No. 1 at p. 4. He further claims that he was placed on "closewatch" from October 25, 2005 through November 2, 2005, where he was denied showers, out-of-cell activities, and legal calls. *Id*. He states the reason he was placed on closewatch status because he told a physician's assistant that he wanted the macing incident documented. *Id*. Finally, he claims the warden practices racism and discrimination and that defendant Magness continues to harass

---

[1] A notice regarding the pending dispositive motion was mailed to plaintiff at the address he provided. Paper No. 11. The notice was returned as undeliverable because plaintiff is no longer at the Baltimore County Detention Center and he has failed to notify this court of his new address as required by Local Rule 102.1.b.ii. *See* Paper No. 12 and 13.

inmates. *Id*.

## Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## Analysis

### Excessive Force Claim

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." *Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir. 1994). In the instant case, plaintiff has not claimed

any resulting injury from being maced, nor has he alleged that the application of force was unwarranted. Defendants are, therefore, entitled to dismissal of this claim.

## Conditions Claim

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). Conditions which are merely restrictive or even harsh, however, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). "[T]o withstand summary judgement on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.). Plaintiff has not alleged or produced evidence of a serious or significant physical or emotional injury as a result of being placed on closewatch status for approximately one week. *See* Paper No. 1 at p. 4. The denial of showers and legal calls for the brief period of time at issue in this case falls far short of depriving plaintiff of life's necessities.

To the extent that plaintiff raises a generalized claim regarding racism and discrimination, it also fails to state a claim upon which relief may be granted. There is no allegation that plaintiff was deprived of some right or privilege to which he was entitled based upon his race, religion, or other suspect classification. *See Moss v. Clark*, 886 F. 2d 686, 690 (4th Cir. 1989) (incarceration

3

is neither an immutable characteristic or an invidious basis of classification requiring strict standard of review).

## Conclusion

The allegations in the complaint fail to state a claim upon which relief may be granted. Accordingly, defendants' motion to dismiss shall be granted by separate order which follows. Under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status in the future if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless [he] is under imminent danger of serious physical injury."[2]

July 17, 2006  
Date

/s/  
J. Frederick Motz  
United States District Judge

---

[2] The instant case is the first filed by plaintiff to be dismissed under this standard.